**ZANESVILLE (City), Plaintiff, v. ZANESVILLE CANAL AND MANUFACTURING COMPANY, Trustee et, Defendants.**

Common Pleas Court, Muskingum County.

No. 37332.

J. Lincoln Knapp, City Solicitor, Zanesville, for plaintiff.

James Gorrell, Columbus, for defendant, Zanesville Canal & Mfg. Co.

Homer Walters, Zanesville, for defendant, C. S. Leasure, individually.

Joseph McNerney, Pros. Atty., Zanesville, for defendant, Muskingum County.

## OPINION

By CROSSLAND, J:—

This Court's view, heretofore expressed, that the law is a living force intended to serve living needs, remains unchanged.

The law is dynamic, not static. While it is a bedrock of settled, solid principles, underlying all local governmental operations and objectives, so as to confine changes of form and substance within limitations of express authority, such confinements and limitations were never intended to retard, frustrate or defeat progress and modernity.

The law looks forward, not backward, to the future, not to the past, to serve the living while honoring the dead, to respect the past for its contribution to the present and future, but not to corrode and die in the forward march of program, progress and purpose. For law was designed and intended to serve the organized society of mankind, not to stifle or cripple man's effort to grow, advance and prosper.

When John McIntire and Jonathan Zane bought the original tract of Zanesville for $100 and dedicated Lots 8 and 16 in Square 13 for a Market House, they did so as an express condition required by existing law in order to sell other lots. It was a statutory dedication without any reservation of reversionary rights, necessary in order to sell other lots without penalty of prosecution. Hence, the dedication to public use of these two lots was legally required and wholly incidental to the business operation of John McIntire and Jonathan Zane, not a free-handed gratuity. Accordingly, no ties to said lots remained to either of them or their heirs or successors and, similarly, no compensatory obligation attends their present day statutory appropriation for legislatively defined public uses.

Inasmuch, however, as the law does not look with favor

upon doing violence to the well established law of an earlier generation, justly conceived and fundamentally sound, even though the effect is to create an anachronism in the very heart of the downtown section of the City of Zanesville, it does very definitely afford a remedy, equally sound in principle and reason.

Through the medium of eminent domain, without acquiring absolute fee simple title but only the legal right to hold and administer the property as a trust for legally recognized present public use, in the interest of the general public of the City of Zanesville directly and of Muskingum County indirectly, the City of Zanesville is thereby enabled to pursue a lawful, proper and needful purpose.

The metamorphosis from a once flourishing farmers' market place to a market house in naked name, now principally subsidizing a few Zanesville retail businesses for one day a week, is as far removed and outmoded from the reasonable contemplation of the men of 150 years ago as today's Zanesville municipal court and jail structure is abhorrent and repugnant to the good taste and sound sense of the 1953 citizenry of Zanesville and Muskingum County.

In the event of any future failure to fulfill to the public the trust of an appropriation in the nature of eminent domain without payment of undue compensation, since the equitable interest and entire value is already unreservedly dedicated to the public use, reversion to the original market house appropriation would thereupon undoubtedly result, in the absence of some other or further legislatively recognized proper and necessary public appropriation and use.

This Court, therefore, reiterates its former holding and basic conclusion and reaffirms its original view that plaintiff, the City of Zanesville, may exercise the judgment of its municipal authority in acting to appropriate, under court supervision and direction, the premises constituting the aforesaid lots, for the purposes resolved by the Zanesville City Council pursuant to statute.

Journal Entry may be prepared and submitted accordingly, with exceptions noted in behalf of any adverse parties.